# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:21-CV-00608-FDW-DSC

| | |
|---|---|
| GIA LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, JOHN SALVADOR, | ) |
| MICHAEL HARTZHEIM, and | ) |
| SHELDON GOETHE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand."

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion to Remand be granted and her request for costs and fees be denied as discussed below.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gia Lee is a North Carolina citizen. Defendants are State Farm Fire and Casualty Company (Illinois citizen), John Salvador (North Carolina citizen), Michael Hartzheim (Illinois citizen), and Sheldon Goethe (Virginia citizen). This action arose after Plaintiff's house was damaged in 2018 as a result of Hurricane Florence (Complaint, pp. 2-3). Plaintiff filed a claim

with State Farm. In evaluating her claim, State Farm assigned several adjusters including Defendants Hartzheim, Salvador, and Goethe. Plaintiff filed this action in state court alleging breach of contract and breach of duty of good faith and fair dealing against State Farm and violation of the Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, against all Defendants.

State Farm removed the case to this Court despite a lack of complete diversity between the parties. Defendant argues that removal is proper because Salvador, a North Carolina citizen, was fraudulently joined. Plaintiff argues that Defendant has not established that Salvador was fraudulently joined, so there is no diversity jurisdiction. Plaintiff seeks to remand the case to state court as well as an award of attorneys' fees.

## DISCUSSION

The existence of subject matter jurisdiction is a threshold issue. A case must be remanded if there is no basis for subject matter jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).

A case falls within a district court's jurisdiction only where diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If

any defendant resides in the same state as any plaintiff, complete diversity is lacking and there is no federal jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999). Here, the parties agree that diversity exists between Plaintiff and Defendants State Farm, Goethe, and Hartzheim. The parties also agree that the amount in controversy exceeds the jurisdictional amount of $75,000. But Plaintiff argues that the presence of Defendant Salvador, a North Carolina citizen, defeats diversity jurisdiction. State Farm responds that Salvador was fraudulently joined as a Defendant and his citizenship should be disregarded.

Consequently, Salvador's North Carolina citizenship defeats diversity jurisdiction unless Defendants can establish fraudulent joinder. "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir.1994) (internal citations omitted).

The doctrine of fraudulent joinder "permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes, 198 F.3d at 461. In essence, the fraudulent joinder doctrine allows a court "to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." Id.

A defendant seeking removal bears a heavy burden of establishing that a non-diverse party has been fraudulently joined. See id. at 464. In order to establish the existence of fraudulent joinder,

> the removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. (emphasis in original) (citation and alterations omitted). In applying this strict standard, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir.1993). Furthermore, the Fourth Circuit has emphasized that the standard for evaluating a fraudulent joinder issue "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). Courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id. at 425 (citation omitted).

In evaluating a claim of fraudulent joinder, all legal and factual issues must be resolved in favor of the plaintiff. Mayes, 198 F.3d at 464. A court making a determination on the issue of fraudulent joinder "is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Id. (citation and internal quotation marks omitted).

For State Farm to establish fraudulent joinder here, it must demonstrate that Plaintiff has fraudulently pled jurisdictional facts or that she has no possibility of succeeding on her claim against Salvador in state court. See Marshall, 6 F.3d at 232-33.

Defendant does not claim that Plaintiff has fraudulently pled any jurisdictional facts. Plaintiff initiated this action in state court and clearly alleged Salvador's North Carolina citizenship. Therefore, this Court's inquiry is limited to whether Plaintiff has even a "glimmer of hope" of sustaining a claim against Salvador. Hartley, 187 F.3d at 426; Rouse v. State Farm Mutual Automobile Insurance Co., 2015 WL 3849648, No. 1:14–cv–690, *2 (M.D.N.C. June 22, 2015) (allowing unfair and deceptive trade practices claim against insurance adjuster to proceed, rejecting defendant's claim of fraudulent joinder). The Court should not "delv[e] too far into the

merits in deciding a jurisdictional question." Id. at 425. The jurisdictional inquiry ends if there is only the slight possibility of a right to relief. Id.

A plaintiff bringing an unfair and deceptive trade practices claim "must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton v. Camp, 548 S.E.2d 704, 711 (2001).

In Rouse, the individual plaintiff sued defendants State Farm and an insurance adjuster assigned to his case in state court. Rouse, 2015 WL 3849648, at *1. Defendants removed the case to federal court and plaintiff sought to remand. Id. State Farm argued that the adjuster was fraudulently joined to avoid remand. Id. The Middle District of North Carolina held that plaintiff had a "glimmer of hope" of success on an unfair and deceptive trade practices claim against the adjuster and remanded the case. Id. at *2-*3. Salvador's status as an independent contractor makes his actions more likely to be in or affecting commerce than the adjuster's actions in Rouse.

Viewing all the facts and law in Plaintiff's favor and being mindful that courts must strictly construe removal jurisdiction, the Court cannot find that Plaintiff has no possibility of succeeding against Salvador in state court. Therefore, State Farm has failed to carry its heavy burden of establishing that Salvador was fraudulently joined in this case. The undersigned respectfully recommends that Plaintiff's Motion to Remand be granted.

Plaintiff has also moved for costs and expenses, including attorneys' fees, incurred in connection with the removal. These are recoverable in the Court's discretion. 28 U.S.C. § 1447(c). Such an award is not made as a matter of course but rather where, "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court does not find that Defendant's arguments lacked an objectively reasonable

basis for seeking removal. Therefore, the undersigned respectfully recommends that Plaintiff's request for costs and expenses be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's Motion to Remand be GRANTED and Plaintiff's request for costs and expenses be DENIED.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Frank D. Whitney.

**SO RECOMMENDED.**

Signed: February 22, 2022

_____
David S. Cayer
United States Magistrate Judge