UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00608-FDW-DSC

| | |
|---|---|
| GIA LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOHN SALVADOR et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Objection, (Doc. No. 15), and Plaintiff's Objection, (Doc. No. 16), to the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14). Defendant seeks review of the Magistrate Judge's recommendation to grant Plaintiff's Motion for Remand, (Doc. Nos. 8, 9). Plaintiff seeks review of the Magistrate Judge's denial of attorney's fees resulting from removal procedures to this Court. For the reasons set forth below, the Magistrate Judge's M&R is AFFIRMED and ADOPTED, Defendant's Objection is OVERRULED, Plaintiff's Objection is OVERRULED, and Plaintiff's Motion to Remand is GRANTED.

## I. BACKGROUND

On September 14, 2021, Plaintiff Gia Lee ("Plaintiff"), a North Carolina citizen, filed suit against Defendants State Farm Fire and Casualty ("State Farm"), an Illinois citizen, John Salvador ("Salvador"), a North Carolina Citizen, Michael Hartzheim ("Hartzheim"), an Illinois citizen, and Sheldon Goethe ("Goethe"), a Virginia citizen. See (Doc. No. 1-1). Neither State Farm nor Plaintiff dispute the Magistrate Judge's factual and procedural background. (Doc. No.

1

14). Accordingly, the Court hereby ADOPTS and incorporates by reference that section of the M&R as if fully set forth herein. Id. at pp. 1-2. A brief summation of the relevant facts is set forth below.

Plaintiff alleges her home sustained substantial damage during Hurricane Florence in September 2018. (Doc. No. 1-1, pp. 12-13). Plaintiff subsequently filed a timely insurance claim with State Farm. Id. at p. 14. Throughout the pendency of her insurance claim, multiple different adjusters were assigned to her case, including but not limited to Salvador, Hartzheim, and Goethe. Id. Due to scheduling conflicts, State Farm would contract with companies (i.e., Emergency Restoration Experts; Worley Catastrophe Services, LLC) for repair work and inspections. (Doc. Nos. 1-1, p. 17; 10, p. 2). Plaintiff filed this action in State court alleging breach of contract and breach of duty of good faith and fair dealing against State Farm, and a violation of the Unfair and Deceptive Trade Practices ("UDTP") Act, N.C. Gen. Stat. § 75-1.1, against all Defendants. (Doc. No. 1-1, pp. 23-28). On November 10, 2021, State Farm removed this case to Federal court, alleging Salvador was fraudulently joined to defeat complete diversity. (Doc. No. 1). Plaintiff filed her Motion for Remand on December 10, 2021, also seeking an award of costs and fees. (Doc. Nos. 8, 9).

On February 22, 2022, the Magistrate Judge entered his M&R, (Doc. No. 14), to which State Farm and Plaintiff subsequently filed timely Objections. See generally, (Doc. Nos. 15, 16, 17, 18). In the M&R, the Magistrate Judge determined: (1) State Farm "failed to carry its heavy burden" showing Salvador was fraudulently joined, thereby recommending remand to State court; and (2) State Farm's removal to Federal court was not objectively unreasonable, thereby recommending denying Plaintiff's request for costs and fees. (Doc. No. 14, p. 6).

## II. STANDARD OF REVIEW

A district court may refer a nondispositive motion to a magistrate judge for a recommendation pursuant to Federal Rule of Civil Procedure 72(a). See Fed. R. Civ. P. 72(a). Here, both parties agree this matter is nondispositive. A party may file written objections to a magistrate judge's M&R within fourteen days of being served with a copy of the M&R. 28 U.S.C § 636(b)(1). This Court is then tasked with reviewing objections to the M&R to determine whether the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's factual findings are clearly erroneous when a court is "left with the definite and firm conviction that a mistake has been committed." TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir. 2009) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Although parties are permitted to file written objections to a magistrate judge's M&R, "'[a]ny written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). Further, "a general objection . . . is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court to the *true ground for the objection*.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (emphasis added); see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate judge's report "on

3

the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); see also United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.1984).

### III.   DISCUSSION

#### A.   State Farm's Objection to Remand

As an initial consideration, the Court notes that State Farm's Objection to the Magistrate Judge's M&R is largely a regurgitated, reorganized, and rephrased version of their original brief in response to Plaintiff's Motion for Remand. Compare (Doc. No. 15) with (Doc. No. 10).[1] Nonetheless, even if State Farm had made a proper objection, the Magistrate Judge's recommendation is still appropriate under clear error review. This Court only has subject matter jurisdiction over the case at hand if Salvador is dismissed as a defendant. See 28 U.S.C. § 1332(a)(1). If not, there is a lack of complete diversity between Plaintiff and the named Defendants, and the proper forum is State court. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); see also Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (stating if any defendant shares "common citizenship" with any plaintiff, complete diversity is destroyed, and there is no federal subject matter jurisdiction). The "heavy burden of proving fraudulent joinder" is on State Farm, and "if federal jurisdiction is doubtful, a remand is necessary." Id. at 463; Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

In order for State Farm to establish fraudulent joinder, it must demonstrate Plaintiff has

---

[1] Of State Farm's sixteen-page Objection, less than two-dozen *sentences* are obviously copied and pasted from their original brief. This is the epitome of a general objection that does nothing more than disagree with the Magistrate Judge's recommendation. The form and content of State Farm's Objection fails to sufficiently alert the Court to the *true* ground for their objection. Midgette, 478 F.3d at 622.

4

*no possibility* of succeeding on her claim against Salvador. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999) ("[T]here need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."). The key issue surrounding the jurisdictional inquiry in this matter is whether Plaintiff has a right to assert a claim for UDTP against an independent adjustor, employed by the company contracted by State Farm to act on their behalf. State Farm provides no case law on point regarding this issue.

The Magistrate Judge relied on Rouse v. State Farm Mut. Auto. Ins. Co., No. 1:14-CV-690, 2015 WL 3849648 (M.D.N.C. June 22, 2015), finding that Salvador's status as an independent contractor makes his actions more likely to be in or affecting commerce than the adjuster's actions in Rouse. The Court agrees. Turning on agency principles, determining whether Salvador is an independent contractor or an employee is a mixed question of law and fact. Rhoney v. Fele, 518 S.E.2d 536, 538 (N.C. Ct. App. 1999). There are inherent factual differences between the case at hand and Rouse pertaining to the independent adjustor's relationship to the principal – State Farm. However, whether Salvador was acting independently in his role, exercising autonomous judgment, or whether he was operating under the control of State Farm through the privity of their contractual agreement, is not for the Court to decide at this time. Hayes v. Bd. of Trustees of Elon Coll., 29 S.E.2d 137, 140 (N.C. 1944) (stating the central issue in determining whether one is an independent contractor or an employee is whether the hiring party retained the right of control over the individual as to the details of their work). Since there is a "glimmer of hope" that Plaintiff succeeds in her UDTP claim against Salvador based on this relationship, Plaintiff's Motion for Remand must be granted. Hartley, 187 F.3d at

426.

### B. Plaintiff's Objection to Denial of Fees

Following an Order remanding a case back to State court, the Court has the discretion to grant "payment of just costs and any actual expenses . . . incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has noted awarding fees under § 1447(c) should be granted "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Plaintiff argues that State Farm's removal was frivolous, knowing their argument was futile based on Rouse. The Court disagrees. On clear error review, the Court cannot say the Magistrate Judge's recommendation was clearly erroneous. Fed. R. Civ. P. 72(a). The contractual connection between Salvador and the independent adjustor in Rouse is slightly different, creating a unique master-servant relationship tracking back to State Farm. While the Court agrees that removing a case to this Court, just to have it remanded back to State court, delays the resolution of the case, imposes further costs on parties, and wastes judicial resources, there is insufficient evidence that State Farm lacked an objectively reasonable basis for seeking removal. Martin, 546 U.S. at 140-41.

### IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 14), is AFFIRMED and ADOPTED, Defendant's Objection, (Doc. No. 15), is OVERRULED, Plaintiff's Objection, (Doc. No. 16), is OVERRULED, and Plaintiff's Motion to Remand, (Doc. Nos. 8, 9), is GRANTED.

IT IS SO ORDERED.

_____
Frank D. Whitney
United States District Judge